IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSHUA FLUELLEN,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.: CV207-044

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Federal Correctional Institute in Jesup, Georgia ("FCI Jesup"), filed a Complaint pursuant to 28 U.S.C. § 2671 *et seq.*, the Federal Tort Claims Act ("FTCA"). Defendant filed a Motion for Summary Judgment or, in the Alternative, Motion to Dismiss, which the Court construes as a Motion for Summary Judgment. Plaintiff has filed a Response. For the reasons which follow, Defendant's Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends Defendant negligently failed to provide him with proper and necessary post-operative medical treatment and care. Plaintiff asserts Defendant: (1) misled him to believe proper post-operative treatment and care were forthcoming; (2) denied him access to qualified medical personnel; (3) denied and/or delayed giving him prescribed medication and treatment; (4) required him to perform work duties which aggravate his physical and mental conditions; and (5) withheld material information so that he could give his informed consent to surgery.

Defendant's Motion for Summary Judgment contends that: (1) the Defendant did not breach its duty of ordinary care under the FTCA; (2) Plaintiff's Complaint should be dismissed due to his failure to introduce expert testimony; (3) Plaintiff's claims are barred by res judicata and/or collateral estoppel; and (4) the statute of limitations bars all claims that happened before September 22, 2004.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F. 3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F. 3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)).

The moving party bears the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F. 3d 1287, 1298 (11th Cir. 2003). Specifically, the moving party must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F. 3d at 1260 (citing Celotex Corp. v.

Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986)). When the nonmoving party would have the burden of proof at trial, the moving party may discharge its burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Statute of Limitations

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The two-year statute of limitations is a condition of the § 2401(b) waiver of the United States' immunity, so courts should not extend the waiver beyond that which Congress intended. U.S. v. Kubrick, 444 U.S. 111, 117-118, 100 S. Ct. 352, 357 (1979). In medical malpractice cases, the Supreme Court has determined that a cause of action accrues within the meaning of § 2401(b) when a plaintiff learns, or in the exercise of reasonable diligence should have learned, of both the existence of the injury and its cause. Id. at 124-125, 100 S.Ct. at 360-361. In other words, the statute is triggered when the plaintiff possesses the critical facts that he has been injured and who inflicted the injury, not when he learns that his injury was negligently inflicted. Id. at 122-123, 100 S.Ct. at 359-360.

Defendant asserts that there is a two-year statute of limitations for tort claims brought against the United States pursuant to § 2401(b). (Doc. No. 32, p. 17).

Defendant further asserts that this two-year statute of limitations can not be waived. (Id. at 18). Defendant contends that Plaintiff's claim was accepted for filing on September 22, 2006, so the only claims/allegations that should be considered are those that happened on or after September 22, 2004. (Id.). Defendant alleges that to the extent that Plaintiff contends that his claim is based upon continuous medical negligence from surgery performed on October 16, 2001, he has presented no evidence that shows a nexus between those claims that are time barred and the claims which are not time barred. (Id.). Defendant alleges that Plaintiff has presented no evidence to support a basis to toll the statute of limitations for the claims that are time barred. (Id.).

Plaintiff appears to contend that his cause of action did not accrue because he had not discovered the causal connection between his injuries and the alleged negligent conduct of Defendant. (Doc. No. 35, p. 17). Plaintiff further contends that reliance on erroneous medical opinion about the cause of an injury has tolled the FTCA statute of limitations. (Id.) (citing Chamness By and Through Chamness v. U.S., 835 F. 2d 1350 (11th Cir. 1988)). Plaintiff asserts that as the tort here involved a continuing injury, the cause of action accrues, and the limitation period begins to run, at the time the tortious conduct ceases. (Doc. No. 35, pp. 17-18). It appears that Plaintiff's contention is that as the alleged continuous tortious conduct occurring since the surgery performed on October 16, 2001, has yet to cease, none of his allegations should be barred by the statute of limitations.

The record reveals that Plaintiff filed the current tort action pursuant to § 2401(b) on September 22, 2006. As there is a two-year statute of limitations for tort claims brought against the United States pursuant to § 2401(b), any claims arising from

Defendant's allegedly negligent behavior prior to September 22, 2004, will be time barred unless there is a valid reason for tolling the statute of limitations. In Plaintiff's argument for tolling the statute of limitations, he relies on a line of cases standing for the proposition that the statute of limitations may be tolled when a plaintiff seeking to understand the cause of an injury erroneously relies on the advice of medical professionals. (Doc. No. 35, p. 17) (citing Chamness, 835 F. 2d 1350). Plaintiff's reliance on this line of law is misplaced. The rationale underlying Chamness is that a cause of action does not accrue because a plaintiff does not learn of the cause of the injury due to reliance on the erroneous opinion of a medical professional. Id. at 1353. This rationale is clearly not applicable to the case sub judice. Plaintiff has provided no evidence of any erroneous medical opinion that prevented him from discovering the cause of his alleged injuries. In fact, Plaintiff filed an FTCA action in a South Carolina District Court on January 24, 2003. (Gov. Ex. 15). In the South Carolina action, Plaintiff alleged that the United States breached its duty of care to him regarding the same October 16, 2001, surgery and some of the subsequent medical care at issue in the current action. (Id.). It is clear that Plaintiff learned of both the existence of the alleged injury and its cause prior to September 22, 2004. Accordingly, the statute of limitations in the current action is not tolled.

Plaintiff's contention that the statute of limitations is tolled by the continuing tort doctrine is without merit. The continuing tort doctrine is invoked only when the injury resulting from a tortious act is not immediately apparent. The statute of limitations is tolled so long as the victim could not in the exercise of ordinary care have learned of it. Smith v. Tandy Corp., 738 F. Supp. 521, 523 n.1 (S.D. Ga. 1990) (citing Forgay v.

AO 72A
(Rev. 8/82)

5

Tucker, 128 Ga. App. 497, 500, 197 S.E. 2d 492 (1973)). "Georgia courts have consistently held that... a continuing tort cause of action accrues when a plaintiff discovers, or with reasonable diligence should have discovered, both the injury and the cause thereof." Tomczyk v. Jocks & Jills Restaurants, LLC., 198 Fed. Appx. 804, 813 (11th Cir. 2006) (citing Waters v. Rosenbloom, 490 S.E. 2d 73, 75 (Ga. 1997)).

Plaintiff was aware of his alleged injury and its alleged cause prior to September 22, 2004. Accordingly, the statute of limitations is not tolled by the continuing tort doctrine. Plaintiff filed his Complaint on September 22, 2006, so all claims or allegations occurring prior to September 22, 2004, are barred by the statute of limitations.

## II. Expert Testimony

The FTCA allows the United States to be sued in the same manner as a private individual. 28 U.S.C. § 2674. The purpose of the FTCA is to "provide redress for ordinary torts recognized by state law." Stone v. United States, 373 F. 3d 1129, 1130 (11th Cir. 2004) (quoting Ochran v. United States, 273 F. 3d 1315, 1317 (11th Cir. 2001). The FTCA is a limited waiver of sovereign immunity rendering the federal government liable to the same extent as a private party. United States v. Orleans, 425 U.S. 807, 813, 96 S. Ct. 1971, 1975 (1976).

The substantive law of the state in which the allegedly negligent act or omission occurred governs in an action brought under the FTCA. 28 U.S.C. § 1346(b)(1); Stone, 373 F. 3d at 1130. Accordingly, the Court will apply the laws of the state of Georgia to Plaintiff's FTCA claims. To establish medical malpractice liability under Georgia law, the plaintiff must establish "(1) the duty inherent in the doctor patient relationship; (2) the

breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained." Zwiren v. Thompson, 276 Ga. 498, 578 S.E. 2d 862, 864 (Ga. 2003). The "standard of care is that which, under similar conditions and like circumstances, is ordinarily employed by the medical profession generally." Kennedy v. Piedmont Hosp., 136 Ga. App. 660, 222 S.E. 2d 162, 167 (Ga. 1975). In any action for damages alleging medical malpractice, the plaintiff shall be required to file with the complaint an affidavit of an expert setting forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim. O.C.G.A. § 9-11-9.1(a)(3). In Georgia, the law recognizes a presumption that the medical care was performed in an ordinarily skillful manner. Shea v. Phillips, 213 Ga. 269, 98 S.E. 2d 552, 554 (Ga. 1957). The plaintiff must use expert testimony to establish proximate cause, Zwiren, 578 S.E. 2d at 86, and "may not rely on his own statements and lay opinions to avoid summary judgment." Suggs v. United States, 199 Fed. Appx. 804, 808 (11th Cir. 2006). But where the result of medical treatment is so pronounced as to become apparent, as where a doctor undertakes to stitch a patient's cheek and by accident thrusts his needle in the patient's eye, this fact may be testified to by anyone competent to testify. Shea, 213 Ga. at 271-272.

To the extent that Plaintiff alleges that the acts or omissions alleged in this case should be classified as "actionable negligence" as opposed to medical malpractice, his allegations are without merit. Plaintiff cites Garbaccio v. Oglesby, 675 F. Supp. 1342 (M.D. Ga. 1987), as the source for the claim of "actionable negligence". "A claim for indemnity or contribution may be entertained, unless, as a matter of Georgia law, there is no *actionable negligence* on the part of Dr. Oglesby." Id. at 1345 (emphasis added).

It is clear that the Garbaccio court is merely referring to a medical negligence claim that is actionable and Plaintiff mistakenly characterized "actionable negligence" as another type of negligence action. Medical malpractice is the appropriate negligence claim in this action.

Defendant contends that Plaintiff has introduced no expert testimony establishing that the treatment he received breached the applicable standard of care in Georgia. (Doc. No. 32, p. 13). Defendant further contends that pursuant to O.C.G.A. § 9-11-9.1, an affidavit of an expert must be filed with a complaint alleging damages for professional malpractice. (Id.). Defendant asserts that this action should be dismissed because Plaintiff has failed to file an expert's affidavit. (Id.). Defendant alleges that there is no extrinsic evidence of Defendant breaching the duty of care owed to Plaintiff. (Id. at 14). Defendant further alleges that Plaintiff's overall medical condition has not deteriorated and that Plaintiff maintains a fully functional level of performance with all activities of daily living and independent activities of daily living. (Id.) (citing Gov. Ex. 11, ¶ 7). Defendant asserts that Plaintiff continues to receive appropriate medical care, he continues to hold a job with UNICOR, and continues to exercise. (Id.).

Plaintiff asserts that expert testimony is not needed in the instant action because the facts presented clearly show that the defendant failed to have a policy or procedure, or failed to train its employees on how to use said policy or procedure. (Doc. No. 35, p. 14). Plaintiff contends that this failure led to his alleged injuries. (Id.). Plaintiff asserts that the Defendant's contention regarding his condition following surgery is incorrect because on March 26, 2003, Dr. Suh diagnosed him with possibly having kyphosis; a September 5, 2007, MRI revealed that he had serious medical problems; and on March

6, 2008, an EMG study revealed that he had nerve problems in both his arms and neck. (Id. at 15).

In order to establish Defendant's liability, Plaintiff must establish by expert medical evidence that Defendant's medical treatment, or lack thereof, violated the duty of care ordinarily owed by doctors to their patients, and that the violation proximately caused his injuries. Plaintiff must provide expert testimony in order to survive summary judgment because the record reveals that the result of the medical treatment in the present action is not so pronounced as to become apparent. Plaintiff has provided no expert testimony on the standard of care and its violation proximately causing any of his alleged injuries, nor has he pointed to any such testimony he hopes of obtaining. The evidence offered by Defendant establishes that Plaintiff was provided medical care that fell within the appropriate standard of care. (See Gov. Ex. 11). As Plaintiff has failed to file expert testimony regarding the standard of care he received, Defendant is entitled to summary judgment.

It is unnecessary to address the remaining grounds of Defendant's Motion.

## CONCLUSION

Based on the foregoing, its is my **RECOMMENDATION** that Defendant's Motion for Summary Judgment be **GRANTED**, and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 2'd day of September, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE