IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSHUA FLUELLEN,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

CIVIL ACTION NO.: CV207-044

## ORDER

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report, in which he recommended that Defendant's Motion for Summary Judgment be granted and that Plaintiff's Complaint be dismissed. Having conducted an independent review of the record, the undersigned adopts the Magistrate Judge's Report and Recommendation as the opinion of the Court.

Plaintiff appears to contend that the Magistrate Judge misconstrued the instant action as a medical malpractice claim, whereas the appropriate action is one for the Federal Bureau of Prison's ("BOP") failure to properly train or instruct its employees on the BOP's policies and procedures for providing medical treatment to prisoners. (Doc. No. 41, p. 2). Plaintiff further contends that the Magistrate Judge misconstrued the general allegations in the Complaint and as such the continuous tort doctrine is applicable to the case sub judice. (Id. at pp. 5-6). Plaintiff alleges that it was error to

grant Defendant Summary Judgment based upon Plaintiff's failure to provide expert testimony. (Id. at 7).

The undersigned concurs with the Magistrate Judge's conclusion that Plaintiff's Complaint was an action for medical malpractice. However, Plaintiff's allegation that the Magistrate Judge misconstrued the nature of his claim warrants further discussion. Plaintiff contends that Defendant, through the BOP, has a legal duty to provide him with proper care, substance, safekeeping, and protection; that the BOP has policies and procedures regarding the medical treatment to be provided to prisoners in its custody; and that due to the BOP's failure to properly train or instruct its employees, Dr. Martha Chipi, FCI Jesup's acting Medical Clinical Director, cancelled all of his ongoing postoperative treatment. (Id. at 2, 5-6). To the extent that Plaintiff contends that his Complaint was a suit for the BOP's failure to properly train Dr. Chipi resulting in the violation of his Eighth Amendment right to be free from deliberate indifference to his serious medical needs, the claims would be more properly brought pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). See Dukes v. Georgia, 428 F. Supp. 2d 1298, 1333-1334 (N.D. Ga., 2006) (inadequate training may impose 42 U.S.C. § 1983 liability on a municipality for the violation of a citizen's constitutional rights).[1] Plaintiff names as Defendant the United States of America. The proper defendants in a Bivens claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the government itself. See FDIC v. Meyer, 510 U.S. 471, 485-486, 114 S. Ct. 996, 1005-1006 (1994). A plaintiff must set forth "a short and

---

[1] Although Dukes is a § 1983 case, courts generally apply § 1983 cases to Bivens cases. Abella v. Rubino, 63 F. 3d 1063, 1065 (11th Cir. 1995).

plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Assuming Plaintiff's Complaint would be more properly construed as a <u>Bivens</u> action, he has failed to identify any individual who may be liable for an alleged constitutional violation, and his claims against the United States of America should be dismissed.

Plaintiff's Objections are without merit. Accordingly, the undersigned adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. Defendant's Motion for Summary Judgment is **GRANTED**. Plaintiff's complaint is **DISMISSED**.

SO ORDERED, this 24 day of September, 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA